IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER



FILED

MAY 04 2011

Clerk, U. S. District Court
Eastern District of Tennessee
At Winchester

| | |
|---|---|
| ROBERT L. BUSHNELL, Individually and d/b/a QUALITY COLLISION AND TOWING, </br></br> Plaintiffs, </br></br> v. </br></br> BEDFORD COUNTY, TENNESSEE, a Political Subdivision of the State of Tennessee; CITY OF SHELBYVILLE, a Municipality and Political Subdivision of the State of Tennessee; </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 4:11-CV-27 </br> ) </br> ) Mattice / Lee </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

### I. INTRODUCTORY/JURISDICTIONAL STATEMENT

Plaintiff Robert L. Bushnell is a resident of Shelbyville, Bedford County, Tennessee. The above-named Defendants, Bedford County, Tennessee; City of Shelbyville (through its agency, Shelbyville Police Department) are political subdivisions of the State of Tennessee. Subject matter jurisdiction of the claims outlined below is based upon the provisions of 28 U.S.C. § 1331 (Federal Question); 28 U.S.C. § 1338 (Unfair Competition); and 28 U.S.C. § 1343 (Civil Rights). The above-captioned matter, and related claims, were initially filed as Civil Action #4:08-CV00081. Summary judgment dismissal was granted to Defendant Ray Brown, and an appeal was pursued. Due to the similarity of issues, and to minimize time and expense to the parties and the Court, it was determined that the present claims should be deferred pending the appellate ruling. The above-named defendants were dismissed without prejudice, upon entry of a stipulation pursuant to FRCP Rule

41. That order was entered on May 4, 2010 (Document 41). The present claim is re-filed within the one-year period permitted by the Saving Statute, TCA Sec. 28-1-105. The summary judgment dismissal entered as to former co-defendant Ray Brown is pending appeal to the United States Court of Appeals, Sixth Circuit, in Case # 10-5464. Briefs have been filed, and the scheduling of oral argument is pending. The resolution of that appeal will be determinative of the claims against the above-defendants. Accordingly the present filing is pursued only to preserve the statute of limitations, in the event of a reversal of the Ray Brown dismissal, and would be consolidated with any remand of the Ray Brown claims. Plaintiff seeks injunctive relief pursuant to F.R.C.P. Rule 65 and damages.

## II. **PLAINTIFF'S CONCISE SUMMARY OF MATERIAL FACTS**

### A. **Defendants' Conduct in Dispatching Wrecker/Tow Vehicles.**

(1) Robert L. Bushnell has operated a wrecker, towing and body shop business in Shelbyville, Bedford County, Tennessee for the past 13 years. Plaintiff Bushnell's business is one of approximately three (3) such businesses located within the community, all of whom compete for towing and body repair work, both for the public and the multiple county and city governments. Plaintiff's financial survival is substantially dependent upon his access to local towing assignments, and the typically-related body shop work which frequently results from a wrecker call. Plaintiff has worked diligently to establish a successful and thriving business, working both in concert and in fair competition with other wrecker/repair businesses situated within the community.

(2) For approximately the past 35 years (in violation of the statutory authorities set forth below), the Shelbyville Police Department, an agency of the City of Shelbyville; the City of Shelbyville; and Bedford County, Tennessee (all political subdivisions of the State of Tennessee)

2

have engaged in an established pattern and custom of unlawful conduct which has involved the purposeful routing of wrecker calls, and body repair work, through a single, local business known as "Beeches Body Shop," previously owned by J.C. Beech, now operating under the name of "Ray's Paint and Body." That Defendant is owned and operated by Ray Brown, who, for many years, managed the Beeches Body Shop towing business. In return for either reduced or free towing and repair services on city, police, and county vehicles, county and city officers has manipulated, on a purposeful and regular basis, the informal rotation arrangement which the City had purportedly utilized for the past 35 years (following Plaintiff's recent complaint). While citizens of Shelbyville and Bedford County (including other local wrecker operators) were both expressly and implicitly told that a competitive, fair "rotation" of wrecker calls was being observed by the City, the County, and the Police Department, Plaintiff (and other similarly-situated wrecker/body shop operators) observed an established pattern which involved: (a) repeated, purposeful directing of the wrecker/body shop business to "Ray's Paint and Body"; and (b) clumsy alteration of the wrecker rotation schedule documents in an attempt to conceal the favoritism. In recent years, repeated public criticism of the practice produced only denials from each of the Defendants, and increasingly concentrated efforts to conceal the practice. Because of the substantial loss of income experienced by the Plaintiff, Plaintiff became increasingly vocal in recent years, which has resulted in his being subjected to retaliation, particularly by members of the Shelbyville Police Department.

(3) Plaintiff, alleges the following specific unlawful acts:

1. The City of Shelbyville has maintained a practice of allowing Ray's Paint and Body to perform towing services for the City at no charge, and has performed repairs on City vehicles with no bid system in any form utilized by the City. Following increasing, numerous complaints by other wrecker/tow operators (and the Plaintiff's appearance before the Shelbyville City Manager to demand

3

compliance with the law), the practice recently ended, and the process has been corrected in recent months, requiring wrecker service for the City to be bid according to the requirements of Tennessee Code Annotated. No explanation has been publicly offered to explain a reason for Ray's (or Beeches) Body Shop offering "free" towing of City vehicles and other free or reduced work for the City.

2. On February 21, 2004, a vehicle owner (Mr. Jeff Pitts) telephoned the Plaintiff from the scene of an accident, and advised Plaintiff that he had requested that the Plaintiff's wrecker service tow his truck that had just been involved in an accident. Mr. Pitts advised the police officer working the accident of the request. Plaintiff never received the wrecker call from dispatch, and shortly thereafter learned that the dispatcher had called Beeches Body Shop, despite the fact that Plaintiff was available for the call, and Beeches (in any event) was not next on the rotation schedule, even if Plaintiff had not been available. The only explanation offered by the City officials is that it was a "misunderstanding."

3. A wrecker call on June 17, 2004 (which specified no particular service) should have, on the required rotation list, been passed to Blanton Wrecker Service. Blanton was not available, leaving Cricks as the next available service on the rotation. The record has been altered by "white-out" making it impossible to determine what company actually handled the call.

4. On January 3, 2007, a public works vehicle was involved in an accident with another car. No records reflect the circumstances for the repair of the City vehicle, or any estimates obtained.

5. On February 26, 2007, a City vehicle was involved in an accident. Beeches submitted three estimates (March 22, 2007; and two on May 4, 2007) ranging from $5,548.08 to a final estimate of $,4,208.97. Records reflect a payment to Beeches in the amount of $5,853.31. Beeches charged the City taxes, and the City paid Beeches for the taxes. City records reflect no documentation of the disposition of the unaccounted $1,339.11.

6. Purchase Order No. 11000001758 was issued on June 14, 2006 in the amount of $3,500.00 for police car body repairs. That same purchase order number was issued a second time on May 4, 2007 for Beeches in the amount of $4,208.97. Two purchase order numbers exist with different amounts, eleven months apart. No documentation has been supplied to explain the discrepancy.

7. On March 20, 2007, a City police car was involved in an accident. Plaintiff requested that all estimates and bills related to the work performed on City-owned vehicles for the past five years be submitted. Full documentation has never been supplied, with only a limited response being offered.

4

8. In a police car accident on May 12, 2007, the police car was involved in an accident, and Beeches was immediately called to tow the vehicle. Records confirm that the officer at the scene requested Beeches to retrieve the vehicle.

9. A police car accident occurred on May 24, 2007. No records document who repaired the vehicle, or the amount of the final bill.

10. A City vehicle was involved in an accident on June 22, 2007 (Claim No. 1080189). No records confirm any estimates, or who actually performed the repairs to the vehicle.

11. On July 11, 2007, the record reflects a repair to a City-owned 2000 Ford Crown Victoria vehicle, with two estimates being procured. One was to "The Shop" for a lesser sum of $1,721.64. The Beeches' estimate of $1,854.45 was accepted, with payment to Beeches in the amount of $1,827.03.

12. A City police car was involved in an accident on September 17, 2007. No records document any placement of bids or the actual repair to the vehicle.

13. A City vehicle was involved in an accident on October 28, 2007, and was immediately towed by Beeches. Beeches was paid a total of $6,344.17 for repairs to the vehicle on November 7, 2007, with no documentation reflecting other bids or estimates, and other discrepancies in the disposition of the vehicle.

14. On January 15, 2008, Beeches submitted two estimates on a 1989 Dodge Truck, approximately an hour apart. Cascade submitted an estimate of $2,324.99 (the same as Beeches). Although not fully documented, it appears that Beeches (now Ray's) submitted a later estimate for $2,588.50, and that the work was performed for that figure, although it was higher.

15. Evaluation of the Tennessee Uniform Traffic Crash Reports for the period from January 2007 through May 2007 reflects a total of 42 vehicles towed by Beeches, in contrast to 15 vehicles towed by Quality. Of the 42 towed, Beeches would have been scheduled, on rotation, for six, with 36 being "not scheduled." Plaintiff's wrecker service (Quality) would have been scheduled for 15, and was not scheduled for two. Of the eight other major wrecker/towing services in the community, the total towed ranged from six (Cricks) to 25 (Garrett's), in sharp contrast to the 42 routed to Beeches.

16. The records reflect Beeches' towing of out-of-county vehicles (not on the rotation list) where it is highly unlikely that a specific request would be submitted for Beeches, including drivers from Miami, Florida and Madison, Alabama, who purportedly "specifically requested" Beeches.

17. On May 18, 2008 (in a recorded dispatch conversation), an accident occurred at the intersection of Bethany and Depot. The responding officer states to

dispatch that the owner "requests" Ray's Body Shop for the tow. The dispatcher responds that he is unable to get in touch with Ray, at which time the responding officer indicates that he will apparently use his personal cell phone to get in touch with Ray, rather than proceeding through the company name on the rotation list. Ray's was not the next company shown on the rotation for that date. Later, Plaintiff confirmed through the vehicle owner that he did not request Ray's, and that the call was made solely at the preference of the officer.

18. April 21, 2006 records of the Tennessee Department of Safety reflect the towing and repair of a Bedford County vehicle with the County specifically requesting Beeches (now Ray's) Wrecker Service.

19. On January 25, 2007, an accident on Hillcrest in Shelbyville reflects the claim that there was an "owner's request" for two vehicles involved in the accident to be towed. One party was from Miami, Florida, and Defendant Beeches/Ray's was not on the rotation for the next scheduled call. However, City officers specifically requested Beeches/Ray's in contravention of the required rotation schedule.

20. On July 24, 2008, a vehicle owned by Andrew Ratleph was towed to Beeches/Ray's at the request of the officer, with no request by the owner, and no scheduled rotation requirement.

21. On July 25, 2008, a City policy car was involved in an accident. Ray's arrived at the scene (without rotation entitlement) and towed one vehicle. Subsequently, Plaintiff submitted an estimate of $2,371.89 to repair the vehicle. Ray's was permitted to repair the vehicle for the cost of $2,961.00.

22. On October 24, 2008, an accident occurred at the intersection of Bethany and Coney Island. Both vehicles were towed by Ray's, reportedly at the request of both owners. Neither owner requested the transfer of their vehicles by Ray's.

23. On November 30, 2008, a Shelbyville City police vehicle was involved in an accident and was, without consideration of the rotation requirement or bidding requirements, towed to Ray's for repair.

24. On March 20, 2009, vehicle owners Michelle Walker and Johnny Thompson requested a responding officer to notify "Ed's Motors" for wrecker pickup. Responding officers ignored that request and routed the wrecker call to Ray's for pickup through the officer's private cell phone call.

25. On August 17, 2009, Bedford County sheriff's vehicles were involved in an accident and repaired without obtaining the required estimates.

26. On September 13, 2009, a police chase ending at Depot and Thompson Streets resulted in an accident. With no rotation entitlement, Ray's towed the vehicle without any owner's request.

27. On October 22, 2009, a vehicle owned by Janice Deseree was involved in an accident and summarily transported to Ray's by Ray's at the request of the officer, without rotation entitlement, and without the request of Ms. Deseree.

28. On January 7, 2010, a County employee (Mark Thomas) was involved in an accident in a County-owned fire truck. Mr. Thomas personally requested that the vehicle be transferred to Ray's for repair, with no compliance or recognition of the rotation schedule or any bidding process.

29. On February 18, 2010, a government vehicle owned by the County (Skills Development Center) was involved in an accident at the intersection of Thompson and Depot Streets. The vehicle was routed by the County employee for towing and repair to Ray's, without observation of the rotation schedule or the bidding process.

30. On August 3, 2010, a County vehicle used by the County workhouse was repaired by Ray's without recognition of the rotation schedule or any bidding process.

31. On November 1, 2010, an accident at the intersection of Depot and Thompson Streets was worked by Ray's despite any request by the owner and in derogation of the rotation schedule, apparently at the request of the responding officer.

32. On March 3, 2011, a van owned and operated through the County Board of Education was involved in an accident and was routed to Ray's for towing and repair, without regard to the rotation requirement or the bidding process required by law.

33. On March 26, 2011, a County fire truck responded to a fire and experienced a mechanical breakdown. Without regard to the rotation schedule or any bidding process, the County employee routed the pickup to Ray's for wrecker response.

(4) Plaintiff has submitted repeated efforts to gain precise documentation of the records pertaining to the City's wrecker-rotation practices. In response, Defendants have provided partial or limited information, but have purposefully concealed the fraudulent conduct described above by

7

withholding portions of the requested records. On many wrecker calls where proper documentation has not been maintained (and submitted in response to inquiries), Plaintiff has been able to reconstruct the information from other sources, documenting the falsity of the information submitted in response to Plaintiff's lawful request for public records. Plaintiff alleges the existence of a well-documented and consistent "quid pro quo" pattern and custom. The City of Shelbyville and Bedford County have received free or reduced rates on both towing services and repair projects from the Defendants Beeches and its recent successor, Ray's Paint and Body. Individual police and county officers have received reduced or free work in return for their cooperation in manipulating the rotation arrangement.

(5) In late-2007, Plaintiff presented detailed documentation of his complaints to the governing boards for both the City and the County. The result of that presentation was an acknowledgment by the City of Shelbyville that it had failed to comply with state law with regard to the competitive bidding associated with wrecker/towing and dispatching. While a formal policy is adopted which purports to correct the manipulation, a tacit favoritism arrangement continues, and has been documented since the purported correction of the inequity.

### B. Tennessee Statutes Which Proscribe the Defendants' Conduct.

(1) "**Tennessee Code Annotated § 5-14-108. Purchases, Sales, Etc. – Bidding, Auctions**. (a)(1) All purchases of and contracts for purchases of supplies, materials, equipment and contractual services, and all contracts for the lease or rental of equipment, and all sales of county-owned property that has become surplus, obsolete or unusable, **shall** be based wherever possible on competitive bids." (Emphasis added.)

(2) Pursuant to the foregoing policies which mandate a competitive, fairly distributed assignment of wrecker calls (which benefits the public by insuring competitive, quality work) the City of Shelbyville has adopted ordinances and regulations which mandate application by operators for a City rotation

8

schedule of wrecker services (Article V), and an equal and regular rotation among the approved operators, unless a vehicle owner/operator requests otherwise (Article VIII). The rules and regulations are promulgated pursuant to the "Shelbyville Wrecker Ordinance" § 5-701 through § 5-706 of the Shelbyville Municipal Code. § 5-708 of the Municipal Code provides the following:

"No police officer investigating or present at the scene or site of any wreck, accident, or collision on a street shall, directly or indirectly, either by word, gesture, sign or otherwise, recommend to any person the name of any particular wrecker service or repair business, or attempt to influence in any manner the decision of any person in choosing a wrecker or repair service."

(3) "T.C.A. § 39-16-402. **Official Misconduct.** (a) A public servant commits an offense who, with intent to obtain a benefit or to harm another, intentionally or knowingly:

    (1)    Commits an act relating to the servant's office or employment that constitutes an unauthorized exercise of official power;

    . . .

    (3)    Refrains from performing a duty that is imposed by law or that is clearly inherent in the nature of the public servant's office or employment;

    (4)    Violates a law relating to the public servant's office or employment;

    . . .

    (d)    An offense under this section is a Class E Felony."

(4) "T.C.A. § 39-16-401. **Definitions for Public Misconduct Offenses.** As used in this part, unless the context otherwise requires:

    . . .

    (2)    'Law' means the constitution or a statute of this state or of the United States, a written opinion of the court of record, a municipal ordinance, or a rule authorized by and lawfully adopted under a statute; and

    (3)    'Public Servant' means a person elected, selected, appointed, employed, or otherwise designated as one of the following

9

> even if the public servant has not yet qualified for office or assumed the duties:
>
> (a) An officer, employee, or agent of government;
>
> . . .
>
> (f) A person who is performing a governmental function under claim of right, although not legally qualified to do so."

(5) "**T.C.A. § 39-16-403. Official Oppression.** (a) A public servant acting under color of office or employment commits an offense who:

> . . .
>
> (2) Intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity, when the public servant knows the conduct is unlawful.
>
> . . .
>
> (c) An offense under this section is a Class E Felony."

(6) "**T.C.A. § 47-50-109. Procurement of Breach of Contracts Unlawful – Damages.** It is unlawful for any person, by inducement, persuasion, misrepresentation, or other means, to induce or procure the breach or violation, refusal or failure to perform any lawful contract by any party thereto; and, in every case where a breach or violation of such contract is so procured, the person so procuring or inducing the same shall be liable in treble the amount of damages resulting from or incident to the breach of the contract. The party injured by such breach may bring suit for the breach and for such damages."

Plaintiff Bushnell alleges and avers that all of the foregoing statutory pronouncements are expressions by the legislature of the State of Tennessee that public policy of the State of Tennessee is furthered by a fair and free, competitive bidding of services by municipalities and counties in the State of Tennessee, as well as private entities. Defendants' direct and conspiratorial efforts to unfairly restrict competition are, accordingly, acts declared "malum per se" by the Tennessee legislature.

### III. PLAINTIFF'S CAUSES OF ACTION

Based upon the facts set forth above, and the statutory citations which declare the public policies and requirements of the State of Tennessee, Plaintiff alleges the following causes of action as to each of the above-named Defendants, Bedford County, Tennessee, and the City of Shelbyville, through its agency, Shelbyville police department. Plaintiff seeks F.R.C.P. Rule 65 injunctive relief, and damages, based on the following:

**A.    Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").**

Plaintiff asserts that the Defendants comprise an "enterprise," within the meaning of 18 U.S.C.S. §§ 1962(a) and (d), and 18 U.S.C.S. § 1961(4). Specifically, Plaintiff asserts Defendants' joint liability for violation of RICO, upon the assertion that the Plaintiff has been injured in his property rights by the unlawful, conspiratorial conduct of the Defendants. Subject matter jurisdiction is asserted pursuant to 18 U.S.C.S. § 1964(c); and the Court authorized to exercise pendent jurisdiction over related state law claims. The incidents outlined in the factual premises above constitute a pattern of racketeering activity which both directly and indirectly benefitted the Defendants, ultimately causing a negative impact on interstate commerce by reason of the effect on taxpayers and citizens of the political subdivisions named, and the State of Tennessee. It is alleged that the Defendants, as "persons" within the meaning of 18 U.S.C.S. § 1961(3), received income and other benefits derived, directly or indirectly, from a pattern of unlawful racketeering activity which was used to acquire an interest in said enterprise in violation of 18 U.S.C.S. § 1962(a). Defendants, as persons within the meaning of 18 U.S.C.S. § 1961(3), through an established pattern of purposeful racketeering activity, acquired and/or maintained, directly or indirectly, an interest in and control of, the enterprise in violation of 18 U.S.C.S. § 1962(b). Acts which constitute the pattern of racketeering activity are enumerated in the factual premises set forth above, and incorporated herein

11

by reference. The multiple acts of racketeering, occurring within ten years of one another, meet the statutory definition of racketeering activity, within the meaning of 18 U.S.C.S. § 1961(5), which cause harm to the public finances of the State of Tennessee and, incidentally, proximately and directly caused substantial financial loss to the Plaintiff as a result of his wrecker business being omitted from the lawfully-mandated wrecker rotation schedule, and from the statutorily-mandated bidding process for city and county wrecker/body shop work. Plaintiff has sustained compensatory damages in excess of Three Hundred Thousand and No/100 Dollars ($300,000.00), and requests a trebling of the damages, upon a finding of a violation of RICO, pursuant to 18 U.S.C.S. § 1964(c).

B. **Violation of §§ 1-2 of The Sherman Anti-Trust Act (15 U.S.C.S. §§ 1-2).** Plaintiff alleges that the Defendants acted individually, and collectively, in conspiring to engage in a pattern and custom of established conduct which violates the federal anti-trust statutes. The statute prohibits unfair and unlawful acts which attempt to circumvent the anti-trust requirements of federal and state law, by ignoring requirements for fair competition. Defendants are not protected by any state action exemption provisions of the federal statute, upon the assertion that the acts of the Defendants, being specifically proscribed by state statutes which prohibit bid rigging and anti-competitive conduct by its political subdivisions, declare the Defendants' conduct as unlawful and in violation of state law. Plaintiff specifically asserts that the Defendants named above: (1) possessed a monopolization of the wrecker and towing business in the Plaintiff's business community; and that (2) the Defendants, by direct action and conspiratorial conduct, willfully acquired, maintained, and abused that power by anti-competitive and/or exclusionary means, contrary to the restrictions imposed by The Sherman Act.

C. **Violation of Plaintiff's Constitutional Rights, in Violation of 42 U.S.C.S. § 1983.** Plaintiff alleges that the Defendants, City of Shelbyville and Bedford County, acted under color of state law, through an established custom, policy and pattern of purposeful violations of state law, and

that as a result, the Plaintiff was deprived of property rights protected by state and local law. Plaintiff was denied property rights and interests in the contractual rotation schedule established pursuant to state law and the local ordinances. Through individual acts of City and County officers, authorized by an established custom and practice, purposefully followed by the Defendant governmental entities, Plaintiff's rights protected by 42 U.S.C.S. § 1983 were violated.

**D.** **Failure to Comply with the Freedom of Information Act.** In a well-documented effort by the Plaintiff over the past three to four years to obtain documentation of complaints voiced by the Plaintiff (and other similarly-situated wrecker owners), the Defendants have provided only partial responses in submitting responses to the document requests made by the Plaintiff. Following repeated instances in which the Plaintiff has met with City officials, and has presented detailed, written requests for documents, some limited responses have been forthcoming. However, Plaintiff asserts that he has been subjected to retaliation by Defendants, City of Shelbyville and the Shelbyville Police Department, by acting to suspend the Plaintiff based upon an entirely contrived, baseless claim that Plaintiff Bushnell had violated some aspect of the department policies pertaining to towing operations.

## IV. INJUNCTIVE RELIEF AND DAMAGES CLAIMED BY THE PLAINTIFF

Plaintiff asserts compensatory damages of Three Hundred Thousand and No/100 Dollars ($300,000.00), and request that the Court issue an order enjoining the Defendants from further violations of the rotation ordinances and statutory bidding requirements. Plaintiff seeks assessment of attorney's fees necessitated by the filing of the Complaint, including the statutory fees permitted by the above-referenced federal statutes, including the fees necessitated by the filing of the legal action in order to obtain documents which should have been fully and completely provided in response to the Plaintiff's Freedom of Information request. Court costs and discretionary costs should be assessed to the Defendants.

Respectfully submitted,

**BURGER, SCOTT & McFARLIN**

_____
**Wm. Kennerly Burger, BPR #3731**
Attorney for Plaintiff
12 Public Square North
Murfreesboro, TN 37130
Telephone: (615) 893-8933
Facsimile: (615) 893-5333

_____
**Robert L. Bushnell, Plaintiff**

G:\KENBURGER\CLIENTS\BUSHNELL, Robert\Complaint.10-06-08.wpd